[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action initiated by the Plaintiff against the Defendant with respect to the premises located at 2 Diana Drive in Waterford, Connecticut.
The Plaintiff is the Trustee of the Manuel J. Faria Trust, which controls the subject premises, and he is a cousin of the Defendant. The Defendant is a remainderman under the provisions of the trust, and is one of Manuel Faria's children.
 FACTUAL FINDINGS
The court finds that the following facts were proven by a preponderance of the evidence:
During September 1998, the Plaintiff and the Defendant entered into a written lease in which it was agreed that the Defendant would rent the subject premises. for a term of one year, in return for monthly rental payments of $575 per month. CT Page 424
Disagreements between the Plaintiff and the Defendant arose during the course of this tenancy, and the Plaintiff initiated a prior summary process action against the Defendant. (CV 99-14857). That legal matter was subsequently resolved by a stipulated agreement which the parties signed at court on February 24, 1999. That stipulation, which was entered into evidence during this trial, provided that judgment in the summary process action would enter in favor of the Plaintiff, with a stay of execution though September 30, 1999. The stipulated agreement also provided that if the Defendant failed to make any agreed payment, the Plaintiff could immediately file an affidavit requesting an execution without additional court proceedings. (Plaintiff's Exhibit 1).
The stipulation further provided that "Upon fulfillment of the above conditions, the case will be reopened, judgment vacated, and the Defendant shall be reinstated as tenant." (Plaintiff's Exhibit 1).
The court notes that the parties' February 24, 1999 stipulation was inconsistent with the lease. Since the lease expired on September 30, 1999, the same day when the stay of execution was to expire, it would have been factually and legally impossible to restore the Defendant as a "tenant" on that date without further additional agreement between the parties at that time.
Subsequent to the filing of the February 24, 1999 stipulation, the Plaintiff filed an affidavit with the court. He alleged therein that the Defendant had been noncompliant with the terms of the stipulated agreement and had committed waste to the premises at 2 Diana Drive. This court conducted a contested evidentiary hearing on the matter. In a written memorandum of decision dated September 8, 1999, the court found that the Plaintiff had failed to prove by a preponderance of the evidence that the Defendant had committed waste, and denied the Plaintiffs request for judgment of possession.
On October 1, 1999, the Plaintiffs counsel signed a notice to quit, which was served on the Defendant on October 3, 1999. The notice to quit stated:
 "I hereby terminate your lease and give you notice that you are to move out of the premises you occupy at 2 Diana Drive, Waterford, CT 06382, on or before Sunday, October 31, 1999 for CT Page 425 the following reasons:
 The lease to terminate [sic] on September 30, 1999 and the Landlord/Owner wants possession of the premises for lapse of time."
The Plaintiff commenced the instant summary process action, based on the forgoing notice, with a complaint which was filed with the court on November 10, 1999. The Defendant appeared pro se and filed an answer and special defenses. In his answer, the Defendant alleged that the notice to quit was legally defective, because it was served on October 3, 1999. He contends that pursaunt to the provisions of Public Act 99-221 (formerly C.G.S.47a-23 (a), notices to quit alleging lapse of time must be served three days prior to the expiration of the lease.[1]
The Plaintiff argues that the notice to quit was timely. He asserts that because of the stipulated judgment, he was legally prevented from issuing the notice to quit until after September 30, 1999. He also maintains that it was permissible for him to issue a notice for lapse of time on October 3, 1999, becauseP.A. 99-221 alternatively authorizes service at least three days before ". . . the time specified in the notice for the lessee or occupant to quit possession."
The court finds, as a matter of fact and law, that both the original lease and the provisions of the February 24, 1999 stipulated agreement expired on September 30, 1999. Accordingly, despite the language in the stipulation concerning reinstatement, there was no lease or rental agreement in existence on October 1, 1999.[2] The court further finds that on October 1, 1999, and at all relevant times thereafter, the Defendant was a tenant at sufferance.
"Under the prevailing doctrine, for lapse of time to be a valid reason for issuance of a notice to quit, there must [be] an underlying lease whether written or oral. Lapse of time is not a sufficient reason to terminate. A tenancy at sufferance. A tenancy at sufferance does not involve a contract or lease."Shough v. Hogan, No. SPNH 9702-4735, Superior Court, Judicial District of New Haven, (Levin, J.) March 21, 1997 (internal quotation marks and additional supporting citations omitted).
In the case of Banford v. Maroon, No. SPN 9612-25531, March 26, 1997, Judge Robert Beach decided a case which was factually CT Page 426 similar to the matter before this court. In that case, the Plaintiff on December 10, 1996 served a notice to quit upon a tenant citing lapse of time. In the subsequent complaint, filed in court on December 20, 1996, the Plaintiff alleged that the parties' lease agreement terminated on November 30, 1996.
Judge Beach ruled in Banford that: "For lapse of time to be an effective reason, there must be a rental agreement in effect at the time of the service of the notice to quit." (internal citations omitted). In granting the defendant's motion to dismiss, he found that because no rental agreement existed on December 10th, the notice to quit for lapse of time served on that date was legally ineffective, and deprived the court of subject matter jurisdiction. Judge Beach also noted in a footnote to the Banford decision that the notice to quit statute afforded a remedy for the plaintiff, since it specifically authorized service upon those who ". . . had the right or privilege to occupy such premises but such right or privilege has terminated."[3]
In this case, the one-year lease expired on September 30, 1999. Although the Defendant remained in possession of the subject premises after that date, no new lease or rental agreement was thereafter agreed to by the parties, or created between them. A new lease is not implied from the mere fact that a tenant has stayed on after the lease term ends. Berlingo v. Sterling OceanHouse Inc., 5 Conn. App. 302 (1986). Since no lease or rental agreement existed on October 3, 1999 when the notice for lapse of time was served on the Defendant, the court finds that the notice alleging that reason was inappropriate and legally defective under the provisions of P.A. 99-221. Banford v. Maroon, supra. An ineffective notice to quit deprives the court of subject matter jurisdiction in summary process actions. City of Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 582,548 A.2d 744 (1988).
Based on the forgoing, the court finds the defense raised in the Defendant's answer is meritorious. No lease or rental agreement existed between the parties when the Plaintiff served the notice for lapse of time on October 3, 1999. That notice was legally ineffective and, per the holding of Bridgeport v.Barbour-Daniel Electronics, Inc., the court must find that it lacks statutory jurisdiction in this matter for that reason.
Accordingly, judgment may enter in favor of the Defendant. CT Page 427
Dated at New London, Connecticut this 10 day of January 2000.
BY THE COURT:
Dyer, J.